AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

FILED

# UNITED STATES DISTRICT COURT
### for the
### EASTERN DISTRICT OF CALIFORNIA

MAY 23 2023

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

Leobardo Morales-Ramirez
_____
*Petitioner*

v.

M. Arviz Warden of F.C.I. Mendota
_____
*Respondent*
*(name of warden or authorized person having custody of petitioner)*

Case No. 1:23-CV-00711-HBK-(HC)
*(Supplied by Clerk of Court)*

"First Amended Petition"

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241
### Personal Information

RECEIVED

1. (a) Your full name:  Leobardo Morales-Ramirez
   (b) Other names you have used: _____

2. Place of confinement:
   (a) Name of institution:  F.C.I. Mendota
   (b) Address:  P.O. Box 9, Mendota, CA 93640

MAY 23 2023

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY CLERK

   (c) Your identification number:  93594-198

3. Are you currently being held on orders by:
   ☒ Federal authorities     ☐ State authorities     ☐ Other - explain:

4. Are you currently:
   ☐ A pretrial detainee (waiting for trial on criminal charges)
   ☒ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
   If you are currently serving a sentence, provide:
      (a) Name and location of court that sentenced you:  U.S. District Court of New Mexico
      (b) Docket number of criminal case:  CR-05-0920 JB
      (c) Date of sentencing:  July 13, 2006
   ☐ Being held on an immigration charge
   ☐ Other *(explain)*: _____

### Decision or Action You Are Challenging

5. What are you challenging in this petition:
   ☒ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

Page 2 of 9

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

    ☐ Pretrial detention

    ☐ Immigration detention

    ☐ Detainer

    ☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

    ☐ Disciplinary proceedings

    ☐ Other *(explain)*: _____

_____

_____

6.   Provide more information about the decision or action you are challenging:

   (a) Name and location of the agency or court: _____

   (b) Docket number, case number, or opinion number: _____

   (c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:

_____

_____

   (d) Date of the decision or action: _____

### Your Earlier Challenges of the Decision or Action

7.   **First appeal**

   Did you appeal the decision, file a grievance, or seek an administrative remedy?

   ☒ Yes        ☐ No

   (a) If "Yes," provide:

      (1) Name of the authority, agency, or court: Appeals Court for the Tenth Circuit

      (2) Date of filing: Dec. 27, 2007

      (3) Docket number, case number, or opinion number: 06-2256

      (4) Result: Judgement Affirmed

      (5) Date of result: Dec. 27, 2007

      (6) Issues raised: Issue raised by counsel is the sufficiency if the evidence to support either of the two convictions suffered by the defendant.

_____

_____

_____

   (b) If you answered "No," explain why you did not appeal: _____

_____

8.   **Second appeal**

   After the first appeal, did you file a second appeal to a higher authority, agency, or court?

   ☒ Yes        ☐ No

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) If "Yes," provide:

    (1) Name of the authority, agency, or court:  New Mexico District Court

    (2) Date of filing:  Nov. 20, 2010

    (3) Docket number, case number, or opinion number:  CIV-10-0030 JB/WDS

    (4) Result: dismissed

    (5) Date of result: Nov. 30, 2010

    (6) Issues raised:  Subject matter jurisdiction

(b) If you answered "No," explain why you did not file a second appeal:

9. **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☐ Yes          ☐ No

(a) If "Yes," provide:

    (1) Name of the authority, agency, or court:

    (2) Date of filing:

    (3) Docket number, case number, or opinion number:

    (4) Result:

    (5) Date of result:

    (6) Issues raised:

(b) If you answered "No," explain why you did not file a third appeal:

10. **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes          ☐ No

If "Yes," answer the following:

(a)     Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

    ☒ Yes          ☐ No

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:

(1) Name of court:  District Court of New Mexico

(2) Case number:  CIV-10-0030-JB/WDS, CR-05-0920-JB

(3) Date of filing:  Nov. 30, 2010

(4) Result:  Nov. 30, 2010  dismissed

(5) Date of result:  Nov. 30, 2010

(6) Issues raised:  Subject matter jurisdiction

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes                    ☒ No

If "Yes," provide:

(1) Name of court:

(2) Case number:

(3) Date of filing:

(4) Result:

(5) Date of result:

(6) Issues raised:

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence:

11.  **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes                    ☒ No

If "Yes," provide:

(a)  Date you were taken into immigration custody:

(b)  Date of the removal or reinstatement order:

(c)  Did you file an appeal with the Board of Immigration Appeals?

☐ Yes                    ☐ No

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:

(1) Date of filing: _____

(2) Case number: _____

(3) Result: _____

(4) Date of result: _____

(5) Issues raised: _____

_____

_____

_____

_____

(d) Did you appeal the decision to the United States Court of Appeals?

☐ Yes          ☒ No

If "Yes," provide:

(1) Name of court: _____

(2) Date of filing: _____

(3) Case number: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

12.  **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes          ☒ No

If "Yes," provide:

(a) Kind of petition, motion, or application: _____

(b) Name of the authority, agency, or court: _____

(c) Date of filing: _____

(d) Docket number, case number, or opinion number: _____

(e) Result: _____

(f) Date of result: _____

(g) Issues raised: _____

_____

_____

_____

_____

_____

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Grounds for Your Challenge in This Petition

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** Whether Petitioner is entitled to immediate release where he has actually served 18 years of a 20 years term of imprisonment imposed by the sentencing court.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(See Petition for writ of Habeas Corpus Filed on May 9,2023)

(b) Did you present Ground One in all appeals that were available to you?
☒ Yes          ☐ No

**GROUND TWO:** Whether Petitioner is entitled to refund of $500.00 U.S. Dollars monetary fine imposed by disciplinary hearing officer when the infraction and/or disciplinary violation did not involved destruction of Government property.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
(See Petition for writ of Habeas Corpus Filed on May 9, 2023)

(b) Did you present Ground Two in all appeals that were available to you?
☒ Yes          ☐ No

**GROUND THREE:** BOP Policy (P.S. 5410.01) unlawfully excludes Petitioner from applying the First Step Act earned time credits he has earned in contravention of Section 101 of the First Step Act of 2018 and 18 U.S.C. Section 3632(g).

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

Petitioner has earned time credits ("ETCs") which, under the First Step Act, entitle him to immediate transfer into supervised release or prerelease custody, however, the BOP refuses to enable him to apply his ETC's because he has a immigration detainer I-247A
    (See Petitioners Memorandum in support of Ground Three)

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes          ☒ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:** _____

_____

_____

(a) Supporting facts *(Be brief. Do not cite cases or law.):*

_____

_____

_____

_____

(b) Did you present Ground Four in all appeals that were available to you?

☐ Yes            ☐ No

14.  If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:   Grounds One and Grounds Two I have exhausted my Administrative , Ground Three an appeal is futile. (See attachment for Ground Three)

_____

_____

### Request for Relief

15. State exactly what you want the court to do: Petitioner respectfully request the Court Grant relief in favor of Petitioner on Ground One and Two. Also issue an injunction against the BOP enjoining the BOP to immediately calculate and apply all of the ETC's that Petitioner is entitled to, and grant Summary Judgement in this case in favor of Petitioner

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system: _____

_____

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date:  5/18/2023 _____         _____
                                             *Signature of Petitioner*

                                             _____
                                             *Signature of Attorney or other authorized person, if any*

Leobardo Morales-Ramirez #93594-198
Federal Correctional Institution
P.O. Box 9
Mendota CA 93640

.IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

Leobardo Morales-Ramirez,

Petitioner

v.

M. Arviza Warden of F.C.I. Mendota,

Respondent

Civ. 1:23-CV-00711-HBK-(HC)

MEMORANDUM IN SUPPORT OF HIS
2241 MOTION "FIRST AMENDED"

## GROUND ONE

WHETHER PETITIONER IS ENTITLED TO IMMEDIATE RELEASE WHERE HE
HAS ACTUALLY SERVED 18 YEARS OF A 20 YEARS TERM OF IMPRISONMENT
IMPOSED BY THE SENTENCING COURT.

## SUPPORTING FACTS OF GROUND ONE

(1) Pursuant to Title 18 U.S.C. § 3624 (b)(1). I am entitled to
54 days good conduct time credits per year. Of my imposed
sentence 20x54-1,080 days;

(2) During my 18 years of incarceration I've been subject to
disciplinary sanctions on 8 occasions which prescribes a total
amount of good conduct disallowance of 286days;

(3) That would leave me with 794 days of good conduct time credit

1

still remaining that means I should have been released on Feb. 6, 2023; and

(4) My current release date is Sep. 1, 2024. Which is 571 days over and/or beyond the completion of my imposed sentence.


## REQUEST RELIEF

I, Leobardo Morales, hereby respectfully request that this Honorable Court grant me immediate release since I have already served more than 3 months past my release date.


## GROUND TWO

WHETHER PETITIONER IS ENTITLED TO REFUND OF $500.00 U.S. DOLLARS MONETARY FINE IMPOSED BY DISCIPLINARY HEARING OFFICE WHEN THE INFRACTION AND/OR DISCIPLINARY VIOLATION DID NOT INVOLVED DESTRUCTION OF GOVERNMENT PROPERTY.


## SUPPORTING FACTS OF GROUND TWO

(1) Throughout my disciplinary process I was sanctioned with monetary fines in two occasions one was of 200.00 and then another one of 300.00 for a total of $500.00 dollars;

(2) In accordance with program statement section 541.4 (D) monetary fines are authorized only when there has been damages to U.S. Government property; and

(3) My infraction never involved destruction of government property therefore the five hundred U.S. dollars taken from my account were taken without cause and/or without my expressed permission.

2

On Feb. 9, 2023 I filed an informal resolution request (BP-8) requesting correction of my good conduct time credit, which was answered on or about March 10, 2023.

On March 13, 2023 I filed a formal request for administrative remedy, which was logged in on March 27, 2023, with a response due on April 16, 2023.

On today's date May 8, 2023, 23 days over the response due date. I have not received any response to my request. (See Receipt of Administrative Remedy's marked as EXHIBIT #1)

In accordance with (BOP) Program Statement number 1330.18, § 542.18 response time: "The inmate may consider the absence of a response to be a denial at that level. Although the language of the statement § 542.18 does not specifically, states that the administrative remedy process night be deem terminated and/or totally exhausted.

§ .542.15 Appeals: does requires a response to be filed along with the appeal. "A. Submission. An inmate who is not satisfied with the Wardens response may submit an appeal on the appropriate form (BP-10) to the appropriate regional director within, 20 calender days of the date the Warden signed the response."

B. FORM

(1). Appeal to the regional director shall be submitted on the form designed for regional appeals (BP-10) and accompanied by one complete copy or duplicate original of the institution request, and response.

Thus, in order to file an appeal to the regional director I am required to have a response. And since such response was denied by the Warden my administrative remedies shall be consider totally exhausted.

3

## CONCLUSION

I was arrested on April 11, 2005, and sentenced to 20 years of imprisonment. My full term expires on April 11, 2025.

My current release date is Sep. 1, 2024 that's 223 days before my full term. Pursuant to Title 18 U.S.C. § 3624 (b)(1), I am entitled to 54 days of good conduct time credit per year, of my imposed sentence 20x54= 1,080 days.

During my incarceration I have been sanctioned with 286 days of good time mandatory disallowance. (See incident reports marked as EXHIBIT #2) That should leave me with 794 days of good conduct time remaining which would qualify me for release on Feb. 6, 2023. My sanctions reports made reference to some good time forfeit. A total of 318 if that sanction was to be applied I still should have 476 days remaining which would qualify me for release on Dec. 1, 2023.

However, (BOP's) Program Statement number 52270.09 subsection 541.4 (B) makes a clear distinction between "forfeit good conduct time (GCT) and forfeit statutory good time (SGT) my sanctions reports referred only to forfeit of food conduct time. Not statutory good time.

Thus, the time marked by such reports shall not have any effect on my release date, since such time is provided by statute 18 U.S.C. § 3624(b)(1).

The language found in the incident sanctions is more consistent with the language provided by Program Statement Number 5220.01 (FSA) program incentives.

Section 8 Loss or Removal of Incentives;

"Inmates found guilty of misconduct may not earn incentive

4

for the time periods listed below. The below time period will begins the day after the unit disciplinary committed or disciplinary hearing officer, has found that the inmate has committed the prohibited acts."

120 days for a 100 series incident report, 60 days for a 300 series incident report, 90 days for a 200 series incident report, 30 days for a 400 series incident report. (See incident sanctions marked EXHIBIT #2)

Therefore based on the foregoing, I respectfully request that this Honorable Court grant the relief in the form of ordering immediate release. And also order full refund of the 500.00 dollars taken from me in a arbitrary manner. Since monetary fine are only allowed for destruction of government property.

GROUND THREE WILL BE ADDRESSED IN PAGES 1I-11I

5

GROUND THREE

WHETHER PETITIONER IS ENTITLE TO IMMEDIATE RELEASE, BECAUSE F.C.I. MENDOTA IS DEEMING A I-247A IMMIGRATION DETAINER AS A "FINAL ORDER OF REMOVAL.

SUPPORTING FACTS OF GROUND THREE

THE WRONGFUL AND UNLAWFUL DISCRIMINATION

OF ELIGIBLE NON-U.S. CITIZENS IN THE IMPLEMENTATION OF

THE EARNED TIME CREDITS PROGRAM ESTABLISHED BY

THE FIRST STEP ACT

The First Step Act was enacted in 2018 it establishes a new type of sentencing credit as an incentive to encourage prisoners to participate in programs to reduce the risk that they will recidivate, with one goal being the cost savings associated with reduced recidivism and the transfer of eligible prisoners from BOP facilities into prerelease custody or supervised release.

The Code of Federal Regulations Title 28 Section 523.44 was enacted on January 19, 2022 to give guidance on the Application of FSA Time Credits. In Section 523.44(a)(2) it reads as follows:

(2) Subject to a final order of removal under immigration law as

defined in 8 U.S.C. 1101(a)(17)(See 18 U.S.C. 3632(d)(4)(E), the bureau may not apply FSA Time Credits towards prerelease custody or early transfer to supervised release.

It is clear from the text of the statute it point you to Title 18 Section 3632(d)(4)(E) for more guidances about the FSA Credits. When we look at 3632(d)(4)(E) it is broken in to two parts. Section (i) and Section (ii) each one address a type of proceedings that are different from each other. 3632(d)(4)(E) reads as follows:

(i)In general. A prisoner is ineligible to apply time credits under subparagraph (C) if the prisoner is the subject of a final order of removal under any provision of the immigration laws (as such term is defined in Section 101(a)(17) of the Immigration and Nationally Act (8 U.S.C. 1101(a)(17)).

(ii) Proceedings. The Attorney General, in consultation with the Secretary of Homeland Security, shall ensure that any alien described in Section 212 or 237 of the Immigration and Nationality Act (8 U.S.C. 1182, 1227) who seeks to earn time credits are subject to proceedings described in Section 238(a) of that Act (8 U.S.C. 1228(a)) at a date as early as practicable during the prisoner's incarceration.

Now that we know what the Statute subsection we need to take a closer look. In subsection (i) it says "final order of removal", this let us know that proceedings for a "final order of removal" is governed by 8 U.S.C. 1229a lets us know an

2I

immigration judge shall conduct proceedings for deciding the inadmissibility or deportability of an alien." In subection (ii) it say "who seeks to earn time credits are subject to proceedings described in Section 238(a) of that Act (8 U.S.C. 1228(a))." Section 1228 is the proceedings of "Final administrative Removal Order" in Section 1228 it says "Expedited removal of aliens convicted of committing aggravated felonies." The proceedings are much different then a order of "Final Order of Removal" from a Immigration Judge. In Section 1228 proceedings for "Final Administrative Removal Order." The expedited removal order must not be adjudicated by the same person who issued the charges. The removal decision is delegated to a "deciding service officer" who determines deportability either based on evidence or by concession of the alien. The two proceedings are much different than each other.

Congress concluded that the benefits of reducing recidivism and slowing the rate of growth of the prison population are worthy goals that warrant allowing eligible low risk prisoners to be release up to a year early. Keeping prisoners to be release up to a year early. Keeping prisoners like Petitioner incarcerated for that extra year as a matter of policy undermines those goals and fails to give effect to the clear intent of Congress.

Congress could have drafted statutory terms encompassing all prisoners who are potentially removable if it had wanted to preclude (or to authorize the BOP to exclude) noncitizens with detainers from applying their earned time credits. The pertinent statute's heading ("deportable prisoners") and subparagraph

31

(E)(ii)("any alien") contain broader, more inclusive language Congress could have used in subparagraph (E)(i) if it had wanted to exclude prisoners with immigration detainers from applying their earned time credits. And an amendment to the "final order of removal" provision. Specifically excluding prisoners with "immigration detainers" from applying their earned time credits, was offered on the floor of the Senate but did not pass. See 164 Cong. Rec. S7658-02 (daily ed Dec. 17, 2018)(Sen. Sasse's amendment). This Court and the BOP, must give effect to the plain language of the statute that was enacted. Potentially removable noncitizens who are NOT the subject of "final order of removal" are not within the scope of subparagraph (E)(i). See Sierra, 2022 WL 18046701, at *5, 2022 U.S. Dist. Lexis 234525, at *14.

Congress had a intent when forming Section 3632(d)(4)(E) in that intent you can see they separated the two proceedings of "Final Order of Removal" and "Final Administrative Removal Order." In Section (ii) they say A Inmate in the proceedings of or has a "Final Administrative Removal Order" who seeks to earn time can. There is nothing in Section 523.44 that says a Inmate in the proceedings or has a "Final Administrative Removal Order" can not apply them. A BOP Inmate knows what proceedings they are in when a DHS/ICE officer does a credible fear screening that is known as reasonable possibility test, where a officer asks if there is a fear of prosecution or torture and if the officer finds this credible refers that person to an asylum officer. This lets the person know they are in the "Final Administrative Removal Order" proceeding.

A Section 1228 hearing would be unnecessary where a "final order of removal" was already in place. The purpose of the Section 1228 hearing thus highlights the difference between aliens with "final order of removal" and aliens such as Petitioner who may be deportable because they have an aggravated felony conviction but do not have yet a "final order of removal." The Court should find no basis to conclude the provision contained in Section 3632(d)(4)(E)(ii) that calls for an expedited Section 1228 hearing somehow makes all potentially deportable aliens ineligible for FSA time credits. When the Inmates knows this then the FSA Earned Time Credits apply to that Inmate. Because there is no way that a Inmate has a "final order of removal" if a Officer is conducting a credible fear test on that Inmate. Congress shows their intent and lets us know Inmates with or in the proceedings of "Final Administrative Removal order" can earn and can apply FSA earn time credits to their sentence they are serving.

FCI Mendota does not do hearings they simply put a Inmate on the phone with a DHS/ICE Officer that screens the person and provides the Inmate with no paper work or documents.

## HABEAS RELIEF

A federal prisoner claiming he is "in custody in violation of the Constitution or laws or treaties of the United Sates" may petition for hebeas relief. 28 U.S.C. § 2241(c)(3). That provision allows a federal inmate "to challenge the executing of (rather than the imposition of) his or her sentence." Francis v.

5 I

MAloney, 798 F.3d 33, 36 (1st Cir. 2015). The remedy under § 2241 has been traditionally available to prisoners challenging the computation of their sentence by the BOP. See Thornton v. Sabol, 620 F. Supp. 2d 203, 206 (D. Mass. 2009). The Petitioner bears the burden of proving that this continuing detention violates his federal rights. See Espinoza v. Sabol, 558 F.3d 83, 89 (1st Cir. 2009).

## SUMMARY JUDGEMENT

Summary judgement is appropriate in hebeas proceedings when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgement as a matter of law." Bader v. Warden, No. 02-CV-508-JD, 2003 DHN 90, 2003 U.S. Dist. Lexis 8955, at *8-9, 2003 WL 21228520, at *3 (D.N.H. May 28, 2003)(citations omitted), aff'd 488 F.3d 483 (1st Cir. 2007). The Court should construed Petitioner's pleading liberally, because of his Pro Se status. See Dutil v. Murphy, 530 F. 3d 154, 158 (1st Cir. 2008).

## EXHAUSTION OF ADMINISTRATIVE

## REMEDIES IS FUTILE

The question here, instead, is a purely legal one, viz., may the BOP interpret the FSA to allow it to impose a precondition to ETC application that is not set forth anywhere in the FSA. Put otherwise, this case involves only a statutory interpretation issue divorced from any particular facts relating to Petitioner, not the resolution of any unique to him. There is no need to

develop the record through administrative proceedings, because this statutory interpretation can be resolved without doing so.

The BOP's position on this is clear, further administrative review proceedings would not clarify the BOP's position, which is that it has discretion to interpret and implement the FSA in a manner that requires a federal prisoner that is deportable but does not have a "final order of removal" to apply earned time credits. In McMarthy v. Madigan, 503, U.S. 140, 145-46, 112 S.Ct. 1081, 117 L. Ed. 2d 291 (1992), the Supreme Court succinctly articulated the purpose behind requiring administrative exhaustion, including affording an administrative agency the chance to correct its own error or affording deference to an agency's exercise of it's own discretionary power or producing a useful record for judicial consideration. These concerns, however, are not implicated in this case, and in any event, as the Supreme Court also made clear, courts may decline to require exhaustion "even where administrative and judicial interests would counsel otherwise." Id at 146. Courts must apply an "intensely practical" "balancing principle" and decide if the litigant's interest in immediate judicial review might "outweigh the government's interest in efficiency or autonomy that the exhaustion doctrine is designed to further." Id. (citations omitted). when the agency involved has predetermined the issue before it, this is a recognized circumstance in which "the interest of the individual weigh heavily against requiting administrative exhaustion." Id. at 146, (citing Houghton v. Shafer, 392 U.S. 639, 640, 88 S. Ct. 2119, 20 I. Ed. 2d 1319

7I

(1968), for the proposition that: "in view of the Attorney General's submission that the challenged rules of the prison were 'validly and correctly culminating with the Attorney General' would be to demand a futile act"). See also Fraley v. U.S. Bureau of Prisons, 1 F. 3d 924, 925 (9th Cir. 1993)(per curiam)(waving exhaustion as futile when the initial request for an administrative remedy was denied based on BOP policy and, therefore the Regional Director "almost certainly would have denied" a further appeal was well due to that policy).

## COURTS HAVE DETERMINED THAT BOP LACKS THE POWER OF EXCLUDING PRISONERS WITH 1228 or "FINAL ADMINISTRATIVE REMOVAL ORDER" FROM APPLYING EARNED TIME CREDITS

At least two courts that have been presented with the same issue, have ruled that Inmates in the proceedings of Section 1228 or with "Final Administrative Removal Order" can apply the time credits. See Komando v. Luna, January 13, 2023, The District of New Hampshire, Civil No. 22-cv-425-se, and Sierra v. Jacquez, December 27, 2033, The Western District of Washington, Case No. 2:22-cv-01509-RSL-BAT.

## ADMINISTRATIVE PROCEDURES ACT
### 5 U.S.C. SECTION 702

The Administrative Procedures Act ("APA") provides generally that "[a] person suffering legal wrong because of agency action, or adveresly affected or aggrieved by agency action within the

meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. Section 702. "Agency action" which may be reviewed by courts include "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. Section 551(13). A "final action" of any federal agency is subject to judicial review unless a federal statute specifies otherwise, or the action is "committed to agency discretion by law." 5 U.S.C. Section 701-702, 704: See Japan Whaling Ass'n v. American Cetacean Soc'y, 478 U.S. 221, 230 n.4, 106 S. Ct. 2860 (1986)(noting that judicial review "is available absent some clear and convincing evidence of legislative intention to preclude review").

Petitioner request that the Court review the BOP's action in determining to exclude him from ever applying the ETCs he has earned under the FSA under Administrative Procedures Act as well as under 28 U.S.C. 2241. Under the APA, BOP is an "agency" subject to the APA. White v. Henman, 977 F.2d 292, 293 (7th Cir. 1992); Triplett v. Federal Bureau of prisons, 2009 WL 792799, *6 (N.D. Tex., Mar. 24, 2009).

The APA has been used in challenges to BOP rules and policies concerning early release and good time credits. In Tablada v. Thomas, 533 F.3d 800 (9th Cir. 2008), the Ninth Circuit upheld BOPs method of calculating good time under the APA. In Arington v. Daniels, 516 F.3d 1106, 1116 (9th Cir. 2008), the Ninth Circuit utilized the APA in striking down BOP regulations excluding certain prisoners from early release based

on completion of drug treatment). See also Richmond v. Scibana, 387 F.3d 602 (7th Cir. 2004)(holding that APA was the proper vehicle for challenging restriction on placement in community correction canters).

## CONCLUSION

Petitioner is eligible under 18 U.S.C. 3632 D 4 D for the First Step Act. earned time credits, F.C.I. Mendota has taken the position that Petitioner is ineligible because he has a immigration detainer, attached Request to Staff on May 1, 20233 where Unit A said "you have a final order to remove lodged by BICE. With that, you are ineligible." Petitioner has a Immigration Detainer, DHS form I-247A (Attached) issued on him. A I-247A is a Immigration Detainer - Notice of Action, It is used for holding a deportable alien until DHS can come with in 48 hours to get the alien, and status that there has been probable cause that the alien is deportable. Komando v. Luna in supra has addressed this issue in detail also Sierra v. Jacquez in supra has addressed other issues relating to the detainer, both courts have granted the Petitioner in those cases relief under 2241 for the same reason's Petitioner is putting this case forward.

## PRAYER FOR RELIEF

Petitioner ask that the Court hold his pleadings at a less stringent standard than a pleading by an attorney, Haines v. Kerner, 404 U.S. 519 (1972). Pro Se litigant's are entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment.

Petitioner respectfully request that this Honorable Court Grant relief in favor of Petitioner on Ground One and Two. Also issue an in junction against the BOP enjoining the BOP to immediately calculate and apply all of the ETC's that Petitioner is entitled to, and Grant Summary Judgement in favor of Petitioner.

Date 5/18/2023

Morales

Leobardo Morales-Ramirez

11 I

EXHIBIT #1 Receipt of Administrative Remedy's

RECEIPT - ADMINISTRATIVE REMEDY

DATE: MARCH 28, 2023

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      MENDOTA FCI

TO   : LEOBARDO MORALES-RAMIREZ, 93594-198
       MENDOTA FCI       UNT: 1 GP      QTR: A04-204U

THIS ACKNOWLEDGES THE RECEIPT OF THE ADMINISTRATIVE REMEDY REQUEST
IDENTIFIED BELOW:

REMEDY ID      : 1155750-F1
DATE RECEIVED  : MARCH 27, 2023
RESPONSE DUE   : APRIL 16, 2023
SUBJECT 1      : GOOD TIME EARNED ON PREVIOUS COMMITMENT
SUBJECT 2      :

```
  MENEB   540*23  *                SENTENCE MONITORING                *     05-04-2023
  PAGE 002  :         *              COMPUTATION DATA                  *    15:40:24
                                    AS OF 05-04-2023.
```

REGNO..: 93594-198 NAME: MORALES-RAMIREZ, LEOBARDO


-----------------------CURRENT COMPUTATION NO: 010 -----------------------

COMPUTATION 010 WAS LAST UPDATED ON 01-17-2023 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 03-24-2008 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

```
DATE COMPUTATION BEGAN.........: 08-10-2006
TOTAL TERM IN EFFECT...........:   240 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    20 YEARS
EARLIEST DATE OF OFFENSE.......: 03-29-2005

JAIL CREDIT....................:  FROM DATE      THRU DATE
                                  04-11-2005     08-09-2006

TOTAL PRIOR CREDIT TIME.........: 486
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 221
TOTAL GCT EARNED...............: 113
STATUTORY RELEASE DATE PROJECTED: 09-01-2024
ELDERLY OFFENDER TWO THIRDS DATE: 08-11-2018
EXPIRATION FULL TERM DATE.......: 04-10-2025
TIME SERVED....................:   18 YEARS       24 DAYS
PERCENTAGE OF FULL TERM SERVED..:  90.3
PERCENT OF STATUTORY TERM SERVED:  93.1

PROJECTED SATISFACTION DATE.....: 09-01-2024
PROJECTED SATISFACTION METHOD...: GCT REL
```

REMARKS.......: COMP CERTIFIED BY DSCC. 2-27-17 UPDT DGCT; SYD/N.
                12-07-07 & 02-20-08 UPDATE DIS GCT BGC/NOV.
                8-2-11 UPDATE GED UNSAT; SMR/NOV. 9-9-13 UPDT GED UNSAT.
                1-03-19 DGCT. N/KLM..3/28/19 UPDT DGCT;N/A1M
                11-26-19 GCT UPDATE PURSUANT TO FSA..SLR/N;7-31-20 DGCT 82/174
                FFT RMS/N. 3-24-21 UPDT GCT (41DIS/120FFT), JWL/N.
                8-5-21 41DGCT/150FFT, ALB/N. 1-17-23 DPRT ORD UPT, N/WPH.


G0002     MORE PAGES TO FOLLOW . . .

```
 MENEB  540*23 *              SENTENCE MONITORING          *     05-04-2023
PAGE 003 OF 003 *             COMPUTATION DATA             *     15:40:24
                              AS OF 05-04-2023
```

REGNO..: 93594-198 NAME: MORALES-RAMIREZ, LEOBARDO


----------------------------- CURRENT DETAINERS: -----------------------------

```
DETAINER NO..: 001
DATE LODGED..: 07-13-2017
AGENCY.......: IMMIGRATION & CUSTOMS ENFORCE
AUTHORITY....: IMMIGRATION AND CUSTOMS ENFORCEMENT
CHARGES......: ILLEGAL RE-ENTRY (A FINAL ORDER OF REMOVAL AGAINST THE ALIEN)
```

G0000      TRANSACTION SUCCESSFULLY COMPLETED

EXHIBIT #2 Incident Reports

```
BENC1        . *        INMATE DISCIPLINE DATA        *    09-23-2020
PAGE 001      *)       CHRONOLOGICAL DISCIPLINARY RECORD   *    11:27:43
```

REGISTER NO.: 93594-198 NAME..: MORALES-RAMIREZ, LEOBARDO
FUNCTION...: PRT      FORMAT: CHRONO    LIMIT TO ___ MOS PRIOR TO 09-23-2020

--------------------------------------------------------------------

```
REPORT NUMBER/STATUS.: 3419018 - SANCTIONED INCIDENT DATE/TIME: 07-24-2020 1835
DHO HEARING DATE/TIME: 07-29-2020 0850          DHO REPT DEL: 08-04-2020 1500
FACL/CHAIRPERSON.....: BEN/LUPOTSKY
REPORT REMARKS.......: ADMITTED HAVING A CELL PHONE AND 2 PIECES OF RAZOR WIRE
                       FROM THE FENCE, STATED HE AQUIRED IT FROM FTC OKL
   104  POSSESSING A DANGEROUS WEAPON - FREQ: 1
        DIS GCT    / 41 DAYS / GS
        COMP:010 LAW:P
        DS         / 15 DAYS / CS
                   FROM: 09-12-2020  THRU: 09-26-2020
        COMP:      LAW:
        FF NVGCT   / 54 DAYS / CS
        COMP:010 LAW:P
        LP COMM    / 1 YEARS / CS
                   FROM: 07-29-2020  THRU: 07-28-2021
        COMP:      LAW:
        MON FINE   / 68.00 DOLLARS / CS
        COMP:      LAW:    BP-199 COMPLETED
   108  POSSESSING A HAZARDOUS TOOL - FREQ: 1 ATI: EYC RFP: D
        DIS GCT    / 41 DAYS / CS
        COMP:010 LAW:P
        DS         / 45 DAYS / CS
                   FROM: 07-29-2020  THRU: 09-11-2020
        COMP:      LAW:
        FF NVGCT   / 120 DAYS / CS
        COMP:010 LAW:P
        LP EMAIL   / 1 YEARS / CS
                   FROM: 07-29-2020  THRU: 07-28-2021
        COMP:      LAW:
        LP PHONE   / 1 YEARS / CS
                   FROM: 08-01-2020  THRU: 07-31-2021
        COMP:      LAW:
        MON FINE   / 203.00 DOLLARS / CS
        COMP:      LAW:    BP-199 COMPLETED
                          REPEAT OFFENSE
--------------------------------------------------------------------
REPORT NUMBER/STATUS.: 3310347 - SANCTIONED INCIDENT DATE/TIME: 10-01-2019 1115
UDC HEARING DATE/TIME: 10-03-2019 1418
FACL/UDC/CHAIRPERSON.: BEN/UNIT A/A. BULLARD
REPORT REMARKS.......: YES I DID IT.
   313  LYING OR FALSIFYING STATEMENT - FREQ: 1
        LP COMM    / 30 DAYS / CS
                   FROM: 10-04-2019  THRU: 11-02-2019
        COMP:      LAW:
```


G0002       MORE PAGES TO FOLLOW . . .


(ATTACHMENT #3)            Pg.1 of 5

```
BENC1           *       INMATE DISCIPLINE DATA        *  ·  09-23-2020
PAGE 002        *    CHRONOLOGICAL DISCIPLINARY RECORD  *     11:27:43


REGISTER NO: 93594-198 NAME..: MORALES-RAMIREZ, LEOBARDO
FUNCTION...: PRT       FORMAT: CHRONO    LIMIT TO ___ MOS PRIOR TO 09-23-2020


UDC HEARING DATE/TIME: 10-03-2019 1418 REPORT 3310347 CONTINUED
   314  COUNTRFTNG OR FORGING DOCUMENT - FREQ: 1
        LP COMM   / 30 DAYS / CS
              FROM: 10-04-2019 THRU: 11-02-2019
        COMP:  ·LAW:
------------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 3236223 - SANCTIONED INCIDENT DATE/TIME: 03-20-2019 1745
DHO HEARING DATE/TIME: 03-27-2019 1140         DHO REPT DEL: 04-04-2019 1532
FACL/CHAIRPERSON.....: BEN/LUPOTSKY
REPORT REMARKS.......: FOUND TO BE IN POSSESSION OF CELL PHONE
   108  POSSESSING A HAZARDOUS TOOL - FREQ: 1 ATI: EYC RFP: D
        DIS GCT   / 41 DAYS / CS
        COMP:010 LAW:P   MEETS PLRA GUIDELINES  ·
        DS        / 15 DAYS / CS
              FROM: 03-27-2019 THRU: 04-10-2019
        COMP:   LAW:   IMPOSED AS PUNISHMENT
        FF NVGCT  / 54 DAYS / CS
        COMP:010 LAW:P   IMPOSED TO EXPRESS THE SERIOUSNESS OF THE ACT
        LP PHONE  / 1 YEARS / CS
              FROM: 08-01-2019 THRU: 07-31-2020
        COMP:   LAW: ·  IMPOSED TO EXPRESS THE SERIOUSNESS OF THE ACT
        LP VISIT  / 1 YEARS / CS
              FROM: 03-27-2019 THRU: 03-26-2020
        COMP:   LAW:   IMPOSED TO DETER MISCONDUCT
------------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 3205950 - SANCTIONED INCIDENT DATE/TIME: 12-24-2018 1917
DHO HEARING DATE/TIME: 01-03-2019 1016
FACL/CHAIRPERSON.....: POM/A THOMAS
REPORT REMARKS.......: DURING PAT SEARCH, STAFF RECOVERED A SECURITY BIT ON I/M
                       ADMITS.
   108  POSSESSING A HAZARDOUS TOOL - FREQ: 1 ATI: ENN
        DIS GCT   / 41 DAYS / CS
        COMP:010 LAW:P   PLRA INMATE
        DS        / 40 DAYS / CS
              FROM: 01-03-2019 THRU: 02-11-2019
        COMP:   LAW:
        LP COMM   / 180 DAYS / CS
              FROM: 01-03-2019 THRU: 07-01-2019
        COMP:   LAW:
        LP PHONE  / 210 DAYS / CS
              FROM: 01-03-2019 THRU:· 07-31-2019
        COMP:   LAW:




G0002       MORE PAGES TO FOLLOW . . .
```

(ATTACHMENT#3)          Pg.2 of 5

```
 BENC1          *         INMATE DISCIPLINE DATA        *      09-23-2020
PAGE 003        *     CHRONOLOGICAL DISCIPLINARY RECORD  *      11:27:43


REGISTER NO: 93594-198 NAME..: MORALES-RAMIREZ, LEOBARDO
FUNCTION...: PRT     FORMAT: CHRONO    LIMIT TO ___ MOS PRIOR TO 09-23-2020

--------------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 3172846 - SANCTIONED INCIDENT DATE/TIME: 09-22-2018 1626
UDC HEARING DATE/TIME: 09-24-2018 1315
FACL/UDC/CHAIRPERSON.: POM/E UNIT/STEPHENS
REPORT REMARKS.......: I/M FAILED TO STAND FOR THE 4:10 PM COUNT
HEARING IS ALSO BASIS FOR EXECUTION OF LP COMM    SUSPENDED 09-11-2018 1452
   320  FAILING TO STAND COUNT - FREQ: 1
        LP PHONE   / 90 DAYS / CS / SUSPENDED 90 DAYS
        COMP:  LAW:
--------------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 3167892 - SANCTIONED INCIDENT DATE/TIME: 09-08-2018 1643
UDC HEARING DATE/TIME: 09-11-2018 1452
FACL/UDC/CHAIRPERSON.: POM/E UNIT/RODRI/NOAK
REPORT REMARKS.......: INMATE SAID HE WAS SITTING IN HIS CHAIR.
   320  FAILING TO STAND COUNT - FREQ: 1
        LP COMM    / 30 DAYS / CS / SUSPENDED 30 DAYS
                   FROM: 09-24-2018 THRU: 10-23-2018
                   EXECUTED BASED ON HEARING OF 09-24-2018 1315
        COMP:   LAW:   SANCTIONED SUSPENDED 30 DAYS PENDING CLEAR CONDUCT
--------------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 2982467 - SANCTIONED INCIDENT DATE/TIME: 05-02-2017 1650
DHO HEARING DATE/TIME: 05-15-2017 0844          DHO REPT DEL: 05-25-2017 1340
FACL/CHAIRPERSON.....: GPC/BPATTERSON
REPORT REMARKS.......: INMATE FOUND GUILTY OF CODE 108 PHONE
                     *************PMB CERTIFIED ON 05-25-2017************
   108  POSSESSING A HAZARDOUS TOOL - FREQ: 2 ATI: EYC RFP: D
        DIS GCT    / 40 DAYS / CS
        COMP:010 LAW:P   PLRA INMATE
        DS         / 30 DAYS / CS
        COMP:   LAW:   30 DAYS DS TIME FROM 05-15-2017 TILL 06-13-2017
        FF NVGCT   / 60 DAYS / CS
        COMP:010 LAW:P   PLRA INMATE
        LP COMM    / 60 DAYS / CS
        COMP:   LAW:   LOSS OF COMM FROM 05-15-2017 TILL 07-13-2017
        LP PHONE   / 60 DAYS / CS
        COMP:   LAW:   LOSS OF PHONE FROM 05-15-2017 TILL 07-13-2017
--------------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 2939187 - SANCTIONED INCIDENT DATE/TIME: 01-12-2017 1530
DHO HEARING DATE/TIME: 02-13-2017 0945          DHO REPT DEL: 02-17-2017 1000
FACL/CHAIRPERSON.....: GPC/BPATTERSON
APPEAL CASE NUMBER(S): 895557
REPORT REMARKS.......: INAMTE FOUND GUILTY OF CODE 108...CELL PHONE
                     *************PMB CERTIFIED ON 02-17-2017***************



G0002      MORE PAGES TO FOLLOW . . .
```



**Individualized Needs Plan - Program Review (Inmate Copy)**

Dept. of Justice / Federal Bureau of Prisons

Plan is for inmate: MORALES-RAMIREZ, LEOBARDO 93594-198

SEQUENCE: 01246067

Team Date: 04-06-2023

| | | | |
|---|---|---|---|
| Facility: | MEN MENDOTA FCI | Proj. Rel. Date: | 09-01-2024 |
| Name: | MORALES-RAMIREZ, LEOBARDO | Proj. Rel. Mthd: | GOOD CONDUCT TIME |
| Register No.: | 93594-198 | DNA Status: | LOF02762 / 01-11-2011 |
| Age: | 46 | | |
| Date of Birth: | 05-29-1976 | | |

### Detainers

| Detaining Agency | Remarks |
|---|---|
| ICE | ILLEGAL RE-ENTRY (A FINAL ORDER OF REMOVAL AGAINST |

### Current Work Assignments

| Facl | Assignment | Description | Start |
|---|---|---|---|
| NO ASSIGNMENTS | | | |

### Current Education Information

| Facl | Assignment | Description | Start |
|---|---|---|---|
| MEN | ESL EXEMPT | ESL NEED-PERMANENTLY EXEMPT | 02-08-2007 |
| MEN | GED HAS | COMPLETED GED OR HS DIPLOMA | 08-19-2013 |

### Education Courses

| SubFacl | Action | Description | Start | Stop |
|---|---|---|---|---|
| BEN | W | ESL 9:00-10:30 M-F/LEVEL A/B | 06-05-2019 | 09-30-2021 |
| POM | C | HOW TO USE LEISURE TIME-RPP6 | 07-20-2017 | 07-20-2017 |
| LOF | W | ESL MORNING CLRM 3 | 12-01-2010 | 07-08-2011 |
| LOF | C | ADVANCED CERAMICS | 01-17-2009 | 01-27-2009 |
| LOF | C | BEGINNING CERAMICS | 01-05-2009 | 01-13-2009 |

### Discipline History (Last 6 months)

| Hearing Date | Prohibited Acts |
|---|---|
| ** NO INCIDENT REPORTS FOUND IN LAST 6 MONTHS ** | |

### Current Care Assignments

| Assignment | Description | Start |
|---|---|---|
| CARE1 | HEALTHY OR SIMPLE CHRONIC CARE | 02-02-2007 |
| CARE1-MH | CARE1-MENTAL HEALTH | 09-10-2010 |

### Current Medical Duty Status Assignments

| Assignment | Description | Start |
|---|---|---|
| C19-T NEG | COVID-19 TEST-RESULTS NEGATIVE | 10-11-2022 |
| PAPER | LEGACY PAPER MEDICAL RECORD | 12-06-2018 |
| REG DUTY | NO MEDICAL RESTR--REGULAR DUTY | 03-21-2019 |
| YES F/S | CLEARED FOR FOOD SERVICE | 03-21-2019 |

### Current Drug Assignments

| Assignment | Description | Start |
|---|---|---|
| ED WAIT RS | DRUG EDUCATION WAIT-RQ SPANISH | 08-15-2017 |

### FRP Payment Plan

| Most Recent Payment Plan |
|---|

FRP Assignment: COMPLT FINANC RESP-COMPLETED Start: 09-09-2007

Inmate Decision: AGREED $100.00 Frequency: MONTHLY

Payments past 6 months: $0.00 Obligation Balance: $0.00

### Financial Obligations

| No. | Type | Amount | Balance | Payable | Status |
|---|---|---|---|---|---|
| 1 | ASSMT | $200.00 | $0.00 | IMMEDIATE | COMPLETEDZ |
| | | ** NO ADJUSTMENTS MADE IN LAST 6 MONTHS ** | | | |

### FRP Deposits



**Individualized Needs Plan - Program Review  (Inmate Copy)**
Dept. of Justice / Federal Bureau of Prisons
Plan is for inmate: MORALES-RAMIREZ, LEOBARDO 93594-198

SEQUENCE: 01246067
Team Date: 04-06-2023

Trust Fund Deposits - Past 6 months:  $1,370.00        Payments commensurate ?   N

New Payment Plan:   FRP-Complete

## Current FSA Assignments

| Assignment | Description | Start |
|---|---|---|
| FTC INELIG | FTC-INELIGIBLE-REVIEWED | 05-18-2022 |
| N-ANGER N | NEED - ANGER/HOSTILITY NO | 04-06-2023 |
| N-ANTISO N | NEED - ANTISOCIAL PEERS NO | 04-06-2023 |
| N-COGNTV Y | NEED - COGNITIONS YES | 04-06-2023 |
| N-DYSLEX N | NEED - DYSLEXIA NO | 05-28-2021 |
| N-EDUC N | NEED - EDUCATION NO | 04-06-2023 |
| N-FIN PV Y | NEED - FINANCE/POVERTY YES | 04-06-2023 |
| N-FM/PAR Y | NEED - FAMILY/PARENTING YES | 04-06-2023 |
| N-M HLTH N | NEED - MENTAL HEALTH NO | 04-06-2023 |
| N-MEDICL N | NEED - MEDICAL NO | 04-06-2023 |
| N-RLF N | NEED - REC/LEISURE/FITNESS NO | 04-06-2023 |
| N-SUB AB Y | NEED - SUBSTANCE ABUSE YES | 04-06-2023 |
| N-TRAUMA N | NEED - TRAUMA NO | 04-06-2023 |
| N-WORK Y | NEED - WORK YES | 04-06-2023 |
| R-LW | LOW RISK RECIDIVISM LEVEL | 04-06-2023 |

## Progress since last review

Poor- You have not enrolled in or completed any classes since your last program review.

## Next Program Review Goals

By your next program review, you should complete the following:
-Contact your consulate to request a copy of your birth certificate.
-Enroll in the Criminal Thinking program through the Psychology Department to address your First Step Act COGNITIONS Needs. This course is being recommended because you were identified with having a need in the COGNITIONS area based upon your Risk and Needs Assessment.
-Enroll in the English as a Second Language program through the Education Department to address your First Step Act WORK Needs. This course is being recommended because you were identified with having a need in the WORK area based upon your Risk and Needs Assessment.

## Long Term Goals

By (April 2024), you should have completed the following:
-Obtain a copy of your birth certificate for your central file
-Satisfy your COGNITIONS need
-Satisfy your WORK need

## RRC/HC Placement

No.
Management decision - Will be assessed 17-19 months prior to release. .

## Comments

Treaty Transfer: Eligible and interested.

TRULINCS 93594198 - MORALES-RAMIREZ, LEOBARDO - Unit: MEN-A-D

----------------------------------------------------------------------

FROM: Unit A
TO: 93594198
SUBJECT: RE:***Inmate to Staff Message***
DATE: 05/03/2023 11:57:01 AM

You have a final order to remove lodged by BICE.  With that, you are ineligible.

From: ~^! MORALES-RAMIREZ, ~^!LEOBARDO <93594198@inmatemessage.com>
Sent: Monday, May 1, 2023 5:35 PM
Subject: ***Request to Staff*** MORALES-RAMIREZ, LEOBARDO, Reg# 93594198, MEN-A-D

To: Case Manager
•Inmate Work Assignment: N/A

My paper work shows that I am iligible for First Step Act Credits (FTC). I would liike to know the exact reason why? Because I do not have illegal Re-entry Charges Or final order of deportation.

Thank you for your time and consideration!

DEPARTMENT OF HOMELAND SECURITY
## IMMIGRATION DETAINER - NOTICE OF ACTION

| | |
|---|---|
| Subject ID: 358978816<br>Event #: OAX1707000035 | File No: 073 001 648<br>Date: July 13, 2017 |

| | |
|---|---|
| TO: (Name and Title of Institution - OR Any Subsequent Law<br>Enforcement Agency) POLLOCK P.C.I.<br>POLLOCK F.C.I.<br>1000 AIRBASE RD.<br>POLLOCK, LA 714670000 | FROM: (Department of Homeland Security Office Address)<br>OAKDALE PROCESSING CENTER—FEDERAL ALIEN DETENTION<br>FACILITY<br>ICE<br>~~BRO~~ OAKDALE Sub Office<br>2 WHATLEY RD |

Name of Alien: CRUZ-BARAJAS, ANDRES AKA: MORALES-RAMIREZ, LEOBARDO

| | | | |
|---|---|---|---|
| Date of Birth: 05/20/1973 | Citizenship: MEXICO | | Sex: M |

**1. DHS HAS DETERMINED THAT PROBABLE CAUSE EXISTS THAT THE SUBJECT IS A REMOVABLE ALIEN. THIS DETERMINATION IS BASED ON (complete box 1 or 2).**

BOP #: 93594198

- ☒ A final order of removal against the alien;
- ☐ The pendency of ongoing removal proceedings against the alien;
- ☒ Biometric confirmation of the alien's identity and a records check of federal databases that affirmatively indicate, by themselves or in addition to other reliable information, that the alien either lacks immigration status or notwithstanding such status is removable under U.S. immigration law; and/or
- ☐ Statements made by the alien to an immigration officer and/or other reliable evidence that affirmatively indicate the alien either lacks immigration status or notwithstanding such status is removable under U.S. immigration law.

**2. DHS TRANSFERRED IT TO YOUR CUSTODY FOR A PROCEEDING OR INVESTIGATION (complete box 1 or 2).**

- ☐ Upon completion of the proceeding or investigation for which the alien was transferred to your custody, DHS intends to resume custody of the alien to complete processing and/or make an admissibility determination.

IT IS THEREFORE REQUESTED THAT YOU:

- ° Notify DHS as early as practicable (at least 48 hours, if possible) before the alien is released from your custody. Please notify DHS by calling ☒ U.S. Immigration and Customs Enforcement (ICE) or ☐ U.S. Customs and Border Protection (CBP) at 1-800-973-2867 . If you cannot reach an official at the number(s) provided, please contact the Law Enforcement Support Center at (802) 872-6020.
- ° Maintain custody of the alien for a period NOT TO EXCEED 48 HOURS beyond the time when he/she would otherwise have been released from your custody to allow DHS to assume custody. The alien must be served with a copy of this form for the detainer to take effect. This detainer arises from DHS authorities and should not impact decisions about the alien's bail, rehabilitation, parole, release, diversion, custody classification, work, quarter assignments, or other matters.
- ° Relay this detainer to any other law enforcement agency to which you transfer custody of the alien.
- ° Notify this office in the event of the alien's death, hospitalization or transfer to another institution.

- ☐ If checked: please cancel the detainer related to this alien previously submitted to you on _____ (date).

E 1126 LZH - SDDO
_____
(Name and title of Immigration Officer)          (Signature of Immigration Officer) (Sign in ink)

Notice: If the alien may be the victim of a crime or you want the alien to remain in the United States for a law enforcement purpose, notify the ICE Law Enforcement Support Center at (802) 872-6020. You may also call this number if you have any other questions or concerns about this matter.

TO BE COMPLETED BY THE LAW ENFORCEMENT AGENCY CURRENTLY HOLDING THE ALIEN WHO IS THE SUBJECT OF THIS NOTICE:

Please provide the information below, sign, and return to DHS by mailing, emailing or faxing a copy to _____ .

Local Booking/Inmate #: _____ Estimated release date/time: _____

Date of latest criminal charge/conviction: _____ Last offense charged/conviction: _____

This form was served upon the alien on _____ , in the following manner:

☐ in person   ☐ by inmate mail delivery   ☐ other (please specify): _____

_____
(Name and title of Officer)          (Signature of Officer) (Sign in ink)

DHS Form I-247A (3/17)          Page 1 of 3

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

Leobardo Morales
_____
Plaintiff/Petitioner

v.

Case Number: 1:23-cv-00711-HBk-
(CHC)

M. Ayuza FCI worden
_____
Defendant/Respondent(s)

**PROOF OF SERVICE**

of mendota, CA.
_____

I hereby certify that on _____5/18/2023_____, I served a copy

of the attached _____First Amended petition_____,

by placing a copy in a postage paid envelope addressed to the person(s) hereinafter

listed, by depositing said envelope in the United States Mail at

FCI mendota CA. _____ :

*(List Name and Address of each Defendant or Attorney Served)*

Clerk, of united States courthouse
for the eastern District of CA.
2500 Tulare St., suite 1501
Fresno, CA. 93721

I declare under penalty of perjury that the foregoing is true and correct.

_____Morales_____
**(Signature of Person Completing Service)**